```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------  X
                                          :
MELANIE DAMIAN,                           :
                                          :
                        Plaintiff,        :    20cv11066 (DLC)
                                          :
              -v-                         :    OPINION AND ORDER
                                          :
CLICK INTELLIGENCE LTD.,                  :
                                          :
                        Defendant.        :
                                          :
----------------------------------------  X
```

APPEARANCES:

For plaintiff:
Kenneth Dante Murena
Christine Dimitriou
Damian & Valori LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131

Joshua Silber
Abend & Silber, PLLC
423 Park Avenue
South 9th Fl.
New York, NY 10016

For defendant:
Jonathan A. Herstoff
Ralph E. Labaton
Haug Partners LLP (NYC)
745 Fifth Avenue
Ste 10th Floor
New York, NY 10151

DENISE COTE, District Judge:

　　Melanie Damian brings claims as a receiver ("Receiver") of Today's Growth Consultant, Inc. against Click Intelligence Ltd. ("Click") to recover funds that the Receiver alleges were

fraudulently conveyed to Click.  Click has moved to dismiss the complaint.  For the following reasons, the motion is granted.

## Background

The following facts are derived from the complaint, unless otherwise noted, and are assumed to be true for the purposes of this motion.  Between 2017 to 2019, Today's Growth Consultant, Inc. ("TGC") raised $75 million from a scheme to defraud investors.  TGC's represented to its investors that it would build and maintain eCommerce websites on their behalf.  TGC promised its investors a share of their website's revenue, along with a minimum annual guaranteed return of between 13% and 20%.  TGC also promised the investors that their up-front fee would be spent exclusively on their websites, and warranted that it was financially solvent and debt-free.

In fact, however, TGC generated relatively little revenue from its websites.  Instead, the vast majority of TGC's payments to investors came from other investors and loans.  This scheme proved unsustainable, and TGC operated at a significant loss.

During this time, TGC made around nine payments totaling $869,174 to Click, a marketing company based in the United Kingdom.  Click was ostensibly being paid for link building services.  The Receiver, however, alleges that Click did not

provide reasonably equivalent value for the payments, and that the payments were primarily intended to defraud investors and creditors.

The Securities Exchange Commission ("SEC") brought an enforcement action against TGC in 2019 before the U.S. District Court for the Northern District of Illinois.  As part of that action, the SEC secured preliminary injunctive relief freezing TGC's assets and placing the company into receivership.  Damian was appointed as Receiver.

The Receiver brought this action on behalf of the receivership estate on December 30, 2020.  Click moved to dismiss the complaint on October 29, 2021.  On November 2, the Receiver was given an opportunity to amend the complaint by November 19, and was warned that she was unlikely to have a further opportunity to amend.  The Receiver filed an opposition to the defendant's motion and did not amend the complaint.  The motion became fully submitted on December 22.

## Discussion

The complaint brings causes of action against Click for violation of § 5(a)(1) of the Illinois Uniform Fraudulent Transfer Act, violation of § 5(a)(2) of the Illinois Uniform Fraudulent Transfer Act, and unjust enrichment.  Click has moved

to dismiss the case for lack or personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and for forum non conveniens.  It is only necessary to address the first of these grounds for dismissal.

I.   Personal Jurisdiction

"To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."  Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 81 (2d Cir. 2018) (citation omitted).  To make such a showing, the plaintiff must allege sufficient facts to establish that there is a basis for jurisdiction under the law of the forum State, and that "the exercise of personal jurisdiction comports with due process."  Id. at 82.  See also Fed. R. Civ. P. 4(k)(1)(A).

   A.   Statutory Jurisdiction

The Receiver argues that New York law provides personal jurisdiction over Click under N.Y. C.P.L.R. § 302(a)(3)-(a)(3)(ii), which permits jurisdiction over someone who "commits a tortious act without the state causing injury to person or property within the state . . . if he . . . expects or should reasonably expect the act to have consequences in the state and

4

derives substantial revenue from interstate or international commerce." To establish personal jurisdiction under this provision, a plaintiff must show that

> (1) The defendant committed a tortious act outside the state; (2) the cause of action arose from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should reasonably have expected the act to have consequences in the state; (5) the defendant derives substantial revenue from interstate or international commerce.

Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 106 (2d Cir. 2006).

The Receiver has failed to establish jurisdiction under this provision because she has not plausibly alleged that Click caused injury in New York or should reasonably have expected to do so. The Receiver argues that jurisdiction is appropriate because Click lists a New York office on its website,[1] and because Click aided in TGC's fraudulent scheme, resulting in harm to investors located in New York. But the complaint's only related allegation states that part of TGC's scheme was conducted in New York. This conclusory allegation does not even

---

[1] The parties dispute whether this location was simply a "virtual office" through which Click could meet New York clients. This dispute need not be resolved, however, as jurisdiction is inappropriate regardless.

5

make clear that an injury actually occurred in New York, much less that Click caused the injury.

Even assuming, however, that Click's conduct helped TGC defraud investors in New York, the complaint still fails to plausibly allege that this injury was foreseeable.  "It is well-settled that residence or domicile of the injured party within New York is not a sufficient predicate for jurisdiction under section 302(a)(3)."  Troma Ent., Inc. v. Centennial Pictures Inc., 729 F.3d 215, 218 (2d Cir. 2013) (citation omitted).  A plaintiff cannot establish jurisdiction just by alleging "the suffering of economic damages in New York."  Id. (citation omitted).  The fact that some New York investors may have suffered harm as a result of TCG's fraudulent scheme is therefore insufficient to confer personal jurisdiction under § 302(a)(3)(ii).

The Receiver also argues that the listing of a New York office on Click's website provides a basis for jurisdiction.  But the Receiver does not explain how this office made it foreseeable to Click that investors in New York would be injured.  The complaint does not allege, for example, that investors were injured after meeting with Click in its New York office, or that the injury in any way occurred through the Click

6

website.  Cf. id. at 220.  Instead, the complaint simply alleges that part of TGC's conduct -- not Click's -- took place in New York.  This is not sufficient to confer jurisdiction, and the complaint pleads no other facts to suggest that Click caused a foreseeable injury in New York.  Accordingly, New York's long arm statute does not reach the defendant.

    B.   Due Process

Even if a plaintiff can establish statutory jurisdiction, personal jurisdiction must comport with due process.  See Charles Schwab Corp., 883 F.3d at 81.  The Due Process Clause requires that the defendant "have certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 169 (2d Cir. 2013) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  This analysis can be broken down into three steps.  U.S. Bank Nat'l Assoc. v. Bank of Am. N.A., 916 F.3d 143, 150 (2d Cir. 2019) (citation omitted).  "First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State."  Id. (citing J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S.

873, 877 (2011) (plurality opinion)).  "Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct."  Id. (citation omitted).  And third, the court must determine that jurisdiction is "reasonable under the circumstances."  Id. (citation omitted).

The Receiver has not plausibly alleged any nexus between Click's contacts with New York and the conduct giving rise to its claims.  The Receiver points to Click's alleged office in New York, as well as injury that investors in New York suffered from TGC's fraudulent scheme.  But a plaintiff cannot establish personal jurisdiction just by showing that the defendant has contacts with the forum state; the plaintiff's claims must "arise out of or relate to the defendant's contacts with the forum."  Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 137 S. Ct. 1773, 1780 (2017).  Here, the Receiver's claims arise out of TGC's payments to Click, which were made from a bank account located in Illinois to a company located in the United Kingdom.  The complaint alleges no facts to suggest that Click's New York office was at all involved with these payments.

Nor can the Receiver establish personal jurisdiction by alleging that TGC's investors suffered harm in New York.  "[M]ere injury to a forum resident is not a sufficient

8

connection" to establish jurisdiction.  Walden v. Fiore, 571 U.S. 277, 290 (2014) (citation omitted).  Personal jurisdiction "must arise out of contacts that the defendant himself creates with the forum State," not just "contacts between the plaintiff (or third parties) and the forum State."  Id. at 284 (citation omitted).  The Receiver has alleged no facts to suggest that Click itself engaged in any conduct in New York giving rise to her claims.  Accordingly, the complaint must be dismissed for lack of personal jurisdiction.

II.  Leave to Amend

The Receiver requests that, in the event her complaint is dismissed, she be granted leave to file an amended complaint. In general, leave to amend should be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied, however, "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  Eastman Kodak Co. v. Henry Bath LLC, 936 F.3d 86, 98 (2d Cir. 2019) (citation omitted).

The Receiver's complaint pleads no facts to suggest a nexus between Click's forum state conduct and the claims at issue here.  This is a serious jurisdictional defect that cannot be cured by amendment.  Additionally, the Receiver was already

9

given an opportunity to amend the complaint after Click submitted the present motion to dismiss, and the Receiver was warned that this would likely be her last opportunity to amend. The Receiver has provided no proposed amendments, and has not explained how any amendments would help establish personal jurisdiction.  See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint.").  Accordingly, leave to amend is denied.

## Conclusion

The defendant's October 29 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendant and close the case.

Dated:    New York, New York
          February 11, 2022

                                    _____
                                           DENISE COTE
                                    United States District Judge